UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. HICKS, JR.,<br><br>        Plaintiff,<br><br>  v.<br><br>GLENDALE POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. CV 18-3343 CAS (SS)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On May 11, 2018, Plaintiff Larry D Hicks, Jr. ("Plaintiff"), a California resident proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ("Complaint," Dkt. No. 1). The Court has screened the in forma pauperis Complaint as prescribed by 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, the Court DISMISSES the Complaint with leave to amend.[1]

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## II.

## PLAINTIFF'S ALLEGATIONS

Plaintiff sues (1) the Glendale Police Department, (2) Glendale Police Officer Christian Vidal in his official and individual capacities, and (3) the City of Glendale, California. (Complaint at 2-3). He alleges that Officer Vidal physically assaulted him on April 19 and April 20, 2016, and "also placed false felony charges causing wrongful incarceration . . . ." (Id. at 5-6). He asserts that the City of Glendale and the Glendale Police Department caused these incidents by sending Officer Vidal out to patrol and assault Plaintiff despite being aware of "several" complaints and a "lawsuit" against the officer. (Id. at 4-6). He seeks "unspecified" monetary relief. (Id. at 8).

## III.

## STANDARD OF REVIEW

The Court is obligated to dismiss an in forma pauperis action at any time upon determining that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, when it is possible the defects in the complaint could be corrected, the court should grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Dismissal for failure to state a claim is appropriate if a complaint fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). A plaintiff must provide "more than labels and conclusions" or a "formulaic recitation of the elements" of his claim. Twombly, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the [complaint] need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citation and alterations omitted).

In considering whether to dismiss a complaint, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). Moreover, pro se pleadings are "to be liberally construed" and "held to less stringent standards" than those drafted by a lawyer. Erickson, 551 U.S. at 94 (citation omitted); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal.").

Nevertheless, dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**IV.**

**DISCUSSION**

Plaintiff's Complaint contains deficiencies warranting dismissal, although leave to amend should be granted. See Lopez, 203 F.3d at 1130-31.

**A.   The Glendale Police Department Is An Improper Defendant**

There is "no constitutional impediment to municipal liability" under § 1983. Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 690 n.54, 691 (1978). However, while a plaintiff may assert § 1983 claims against a city, or against a police chief in her official capacity, a police department or other unit of a local government is an improper defendant. See United States v. Kama, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., specially concurring) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." (citing Hervey v. Estes, 65 F.3d 784, 791 (9th Cir.

4

1995))). Accordingly, the Glendale Police Department is not a proper defendant in this action, and Plaintiff's claims against it must be dismissed.

**B.   Plaintiff Fails To State A Claim Against The City Of Glendale**

A municipality may be held liable under § 1983 only for constitutional violations occurring as the result of an official government policy or custom. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992); Monell, 436 U.S. at 694. To assert a valid § 1983 claim against the City of Glendale, Plaintiff must show both a deprivation of constitutional rights and a departmental policy, custom or practice that was the "moving force" behind the constitutional violation. Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008). There must be a "direct causal link between a [City] policy or custom and the alleged constitutional deprivation." Id. (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Proof of a single incident of unconstitutional activity, or even a series of "isolated and sporadic incidents," will not impose liability under § 1983. Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014) (quoting Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985)) (internal quotation marks omitted). Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff does not identify any policy, custom or practice that led to his alleged injuries. Instead, he offers only conclusory statements that the City "allowed" the assault to occur by permitting Officer Vidal to patrol despite the officer's "known history of assaulting civilians as well as a history of false charges resulting in incarceration." (Complaint at 4). Because Plaintiff fails to allege facts showing that the City had a policy, custom or practice that caused the alleged deprivations, any claims against the City of Glendale must be dismissed, with leave to amend.

**C. Official-Capacity Claims Against Officer Vidal Are Duplicative Of Claims Against The City**

"Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." Butler v. Elle, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002). "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." Luke v. Abbott, 954 F. Supp. 202, 203 (C.D. Cal. 1997). Because the City of Glendale is a Defendant in this action, it would be redundant to also maintain claims against Officer Vidal in his official capacity. Any claims against Officer Vidal in his official capacity are therefore dismissed. See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a

6

local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." (citing Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991))).

**D.    The Complaint Violates Rule 8**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. Proc. 8(d)(1). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678, 686. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (citation omitted). Rule 8 may be violated when a pleading "says *too little*," and "when a pleading says *too much*." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original). A complaint is also subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff's Complaint violates Rule 8 because most of its allegations are vague and conclusory. For example, aside from failing to allege a policy or custom to establish the City's

liability, Plaintiff also fails to allege sufficient facts about Officer Vidal's alleged assault and assertion of false charges against Plaintiff. Without such allegations, Defendants cannot effectively discern the nature of the claims asserted against them and respond to those claims. Moreover, Plaintiff's vague statement that the "false felony charges caus[ed] wrongful illegal incarceration later proved in court," (Complaint at 5), leaves it unclear whether the alleged felony conviction and sentence were actually overturned by a court. If Plaintiff's conviction was not overturned, then the claim may be barred by Heck v. Humphrey, 512 U.S. 477 (1994).[2] Due to such vague and confusing allegations, the Complaint violates Rule 8 and must be dismissed, with leave to amend.

---

[2] In Heck, the Supreme Court held that a civil rights complaint for money damages must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. However, the Heck Court also explained that if a "plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. at 487 (footnotes omitted). Even where a claim survives the Heck bar, to obtain money damages, the plaintiff must show that the defendant's actions "caused him actual, compensable injury," which "does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." Id. at 487 n.7.

**V.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. **It is not necessary for**

**Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.**

Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.</u>

DATED: August 17, 2018

/S/ _____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**

10